UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>EVANSTON INSURANCE COMPANY and ARGONAUT INSURANCE COMPANY, <br><br>　　　　Defendants. | No. 1:21-mc-00677-JSR |

## COMPLAINT FOR DECLARATORY JUDGMENT (REDACTED)

NOW COMES Plaintiff, XL SPECIALTY INSURANCE COMPANY (hereinafter "XL"), by and through its attorneys, and for XL's Complaint for Declaratory Judgment against EVANSTON INSURANCE COMPANY (hereinafter "Evanston") and ARGONAUT INSURANCE COMPANY (hereinafter "Argo"), states as follows:

### PARTIES

1. XL is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Stamford, Connecticut. At all times relevant, XL was authorized to do business and issue insurance policies in the State of New York.

2. Evanston is a corporation organized under the laws of Illinois with its principal place of business in Illinois. At all times relevant, Evanston was authorized to do business and issue insurance policies in the State of New York.

3. Argo is a corporation organized under the laws of Illinois with its principal place of business in Illinois. At all times relevant, Argo was authorized to do business and issue insurance policies in the State of New York. Argo is named in this matter pursuant to Rule 19 of the Federal Rules of Civil Procedure as the determination of XL's and Evanston's rights and obligations under

their respective policies (defined below) may affect Argo's interests.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 (a) because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## NATURE OF ACTION

6. This action arises out of a controversy between the parties regarding a Broker/Dealer and Registered Representatives Professional Liability Policy (defined below as the "Evanston Policy") issued by Evanston to Aegis Capital Corporation ("Aegis").

7. XL brings the instant action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and obligations between the parties in connection with a ███████████████████████████████ ███████████████████████████████.

8. There exists an actual controversy between the parties that requires a declaration by this Court of the rights and obligations under the Evanston Policy as it relates to the ███████ Claim.

9. Specifically, XL seeks a judicial determination that Evanston was required to provide ███████████████████████ in coverage under the Evanston Policy for the ███████ Claim. Further, XL seeks a judicial determination that Evanston was required to pay ███████ ███████████████ under the Evanston Policy toward the settlement of the ███████ Claim. XL also seeks a judicial determination that having failed to pay ███████████

▬▬▬▬▬ and XL having to fund the shortfall on a non-voluntary basis was caused by Evanston's wrongful failure to coverage for the ▬▬▬ Claim.

## THE EVANSTON POLICY

10. Evanston issued Broker/Dealer and Registered Representatives Professional Liability Policy No. MKLV7PLBD00027 to Aegis Capital Corporation ("Aegis") for the policy period of March 13, 2020 to March 13, 2021 (the "Evanston Policy"). A true and correct copy of the Evanston Policy is attached as **Exhibit A**.

11. Evanston delivered the Evanston Policy to Aegis at Aegis's principal place of business in New York, New York.

12. The Evanston Policy provides up to One Million Dollars ($1,000,000.00) of liability insurance per **Claim** to which the Policy applies.

13. Section I of the Evanston Policy, titled Insuring Agreement, states:

> The **Insurer** shall pay, on behalf of an **Insured**, **Damages** which an **Insured** becomes legally obligated to pay because of a **Claim** that is both made against an **Insured** and reported to the **Insurer** in writing during the **Policy Period**, or alleged by Section X – Notice of Claim, or during an Extended Reporting Period, if applicable, for a **Wrongful Act** or **Interrelated Wrongful Act** committed solely in the rendering of or failing to render **Professional Services** by an **Insured**, provided that:
>
> A.   Such **Wrongful Act** or any **Interrelated Wrongful Act** occurred on or after the **Retroactive Date** and before the end of the **Policy Period**; and
>
> B.   As of the inception date of this Policy as stated in the Declarations, the CEO, CFO, Risk Manager or GC has no knowledge or a reasonable basis upon which to anticipate that the **Wrongful Act** or **Interrelated Wrongful Act** could result in a **Claim**.

14. The term **Claim** is defined at Section IV.B. as "a written demand received by an **Insured** for **Damages** (including pleadings received in a civil litigation or arbitration) because of an actual or alleged **Wrongful Act**."

3

15. **Wrongful Act** is defined at Section IV.R. as "a negligent act or omission, including a **Personal Injury Act**, committed by an **Insured** in the rendering of or failing to render **Professional Services** to a client."

16. **Professional Services** is defined at Section IV.L.

### THE EXCESS POLICIES

17. XL issued an Excess Liability Policy No. ELU-166435637 to ▊ for the policy period of March 13, 2020 to March 13, 2021 (the "XL Policy"). A true and correct copy of the XL Policy is attached as **Exhibit B.**

18. Argo issued a Second Excess Liability Policy to ▊ (the "Argo Policy").

### THE ▊ CLAIM

19. On January 20, 2021, counsel for ▊ sent an email to counsel for ▊ which stated as follows:



A true correct copy of the January 20, 2021 email is attached hereto as **Exhibit** ___.

20. The January 20, 2021 email constitutes a **Claim** as defined by the Evanston Policy.

21. Counsel for ▊ subsequently made claims ▊ in a pre-arbitration Statement of Claim ▊

▇▇▇▇ (the "Statement of Claim"). A true correct copy of Statement of Claim is attached hereto as **Exhibit** ___.

22. The Statement of Claim and the January 20, 2021 email constitute a single **Claim** under the Evanston Policy and referred to hereinafter as the "▇▇▇ Claim".

23. After a mediation held on April 12, 2021, the parties to the ▇▇▇ Claim agreed to a settlement of the ▇▇▇ Claim ▇▇▇.

24. Despite repeated demands from XL, Evanston has wrongfully and inequitably refused to contribute its full $1 million limit of liability toward the settlement of the ▇▇▇ Claim.

25. As a result of Evanston's wrongful refusal, XL agreed to contribute ▇▇▇ to the settlement of the ▇▇▇ Claim subject to an express reservation of rights to recoup the ▇▇▇ paid by XL which should have rightly and more appropriately been paid by Evanston.

26. XL's ▇▇▇ contribution was not voluntary but only as a result of Evanston's wrongful and inequitable refusal to pay ▇▇▇ and in a good faith effort to ensure that ▇▇ was fully protected in connection with ▇▇▇ Claim.

## COUNT I

### AS AND FOR A FIRST CAUSE OF ACTION FOR A DECLARATORY JUDGMENT

27. XL repeats and reiterates each and every allegation set forth in Paragraphs 1 through 26 above as if fully set forth herein.

28. By refusing to pay ▇▇▇ to indemnify ▇▇ for the settlement of the ▇▇▇ Claim, Evanston breached the terms of the Evanston Policy.

29. XL, which also insured ▇▇▇, was prejudiced and damaged by Evanston's wrongful refusal to contribute to the settlement of the ▇▇▇ Claim pursuant to the terms of the Evanston Policy.

30. Based upon the foregoing, XL requests that this Court issue a declaratory judgment setting forth the obligations of the parties under the Evanston Policy and the XL Policy, and stating that pursuant to the terms of the Evanston Policy and the XL Policy, Evanston breached its duty to indemnify ▇ for the damages arising out of the ▇ Claim and that Evanston is obligated to reimburse XL in the amount of ▇ settlement payment, with interest, made by XL in connection with the settlement of the ▇ Claim.

## COUNT II

### AS AND FOR A CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

31. XL repeats and reiterates each and every allegation set forth in Paragraphs 1 through 30 above as if fully set forth herein.

32. By paying ▇ towards the settlement of the ▇ Claim, XL paid more than its legal and equitable share of the settlement as required by the terms of the Evanston Policy and the XL Policy.

33. Evanston is liable to XL under the doctrine of equitable contribution and must reimburse XL for ▇ settlement contribution paid by XL.

34. Based upon the foregoing, XL requests that this Court find that Evanston is obligated to reimburse XL in the amount of ▇, with interest, in connection with the settlement of the ▇ Claim.

WHEREFORE, Plaintiff, XL SPECIALTY INSURANCE COMPANY, respectfully request that judgment be entered in its favor and against the Defendants, and prays that this Court:

    a) Enter an Order finding and declaring that pursuant to the terms of the Evanston Policy, Evanston breached its duty to indemnify ▇ for the damages arising out of the ▇ Claim ▇ and that Evanston is obligated to reimburse XL in the amount of ▇ settlement payment made by XL, with interest, in connection with the settlement of the ▇ Claim;

b) In the alternative, enter an Order awarding XL the amount ▬▬▬ ▬▬ settlement payment made by XL, with interest, as an equitable contribution in connection with the settlement of the ▬▬ Claim ;

c) Enter an Order awarding XL all costs and expenses it incurred in this matter; and

d) Grant any such other and further relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, **XL SPECIALTY INSURANCE COMPANY**, hereby demands trial by jury.

Respectfully submitted,

**KENT & MCBRIDE, P.C.**

_/s/_

CHRISTOPHER D. DEVANNY, ESQ. (3719)
420 Lexington Avenue, Suite 335
New York, NY 10170
Telephone: (212) 588-9460
Facsimile: (212) 588-9818
cdevanny@kentmcbride.com

**WILFORD LLP**

DAVID A. WILFORD
Illinois ARDC #6217049
ANTHONY D'AGOSTINO
Illinois ARDC #6299589
SABINA DANEK
Illinois ARDC #6325013
18 E. Dundee Road
Building 6, Suite 150
Barrington, Illinois 60010
Telephone: (224) 848-4721
Facsimile: (224) 848-5865
dwilford@wilfordllp.com
adagostino@wilfordllp.com
sdanek@wilfordllp.com

**ATTORNEYS FOR
XL SPECIALTY INSURANCE COMPANY**